IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SDB DEVELOPMENT LP, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-CV-361-MJT-CLS |
| | § | |
| PERCY BARBER and MARIA BARBER, | § | |
| | § | |
| *Defendants*. | § | |

**REPORT AND RECOMMENDATION**
**REMANDING CIVIL ACTION NO. 1:22-CV-361 FOR LACK OF JURISDICTION**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOCAL R. CV-72.

**I.  Background**

A.  FDCPA Suit, Civil Action No. 1:21-CV-539

Percy and Maria Barber, proceeding *pro se* as Plaintiffs, filed their original complaint for Civil Action No. 1:21-CV-539 [hereinafter "FDCPA Suit"] on October 28, 2021, against S.D.B. Development, L.P., S.D.B. President Stephen D. Brown ("SDB Defendants"), the Law Offices of Thomas J. Burbank, and Attorney Thomas J. Burbank ("Burbank Defendants") as Defendants. Plaintiffs asserted various claims under state and federal law relating to Defendants' foreclosure of Plaintiffs' home.

On June 23, 2022, the undersigned issued a Report and Recommendation on Defendants' first Motion to Dismiss recommending dismissal with prejudice of all of Plaintiffs' claims except

for their potential claim under section 1692f(6) of the Fair Debt Collection Practices Act (FDCPA). (FDCPA Suit Doc. #40.)[1]  The undersigned further recommended that Plaintiffs be afforded one final opportunity to articulate a valid claim against the Burbank Defendants under section 1692f(6) of the FDCPA.  Plaintiffs were instructed to file a proper amended complaint within fourteen (14) days of any order adopting the undersigned's recommendation.  (FDCPA Suit Doc. #40.)  On August 5, 2022, the undersigned's Report and Recommendation was adopted.  (FDCPA Suit Doc. #43.)  Plaintiffs timely submitted their second amended complaint pleading their FDCPA claim.[2] (FDCPA Suit Doc. #42.)  Pursuant to the undersigned's November 1, 2022, Report and Recommendation on Defendant's Second Motion to Dismiss (FDCPA suit doc. #52) and the November 28, 2022, Order Adopting the report (FDCPA suit doc. #62), the only remaining claim in this suit is under section 1692f(6) of the FDCPA against the Burbank Defendants.

B.  Eviction Proceeding, Civil Action No. 1:22-CV-361

On September 1, 2022, Plaintiffs ("the Barbers") filed a "Notice of Removal" in which they sought to "remove" a state eviction proceeding arising from the foreclosure of their home to federal court.  The "removed" state eviction was assigned Civil Action No. 1:22-CV-361 [hereinafter "eviction proceeding"].  As an initial matter, the Barbers did not properly "remove" the eviction proceeding as required by Local Rule CV-81, as they failed to include several

---

[1] For clarity, all document numbers will be specified as follows: documents referring to docket entries in the FDCPA Suit (Civil Action No. 1:21-CV-539) will be referenced as "(FDCPA Suit Doc. #___)," and documents referring to docket entries in the eviction proceeding discussed in § I.B (Civil Action No. 1:22-CV-361) will be referenced as "(Eviction Proceeding Doc. #___)."

[2] On July 5, 2022, Plaintiffs submitted what they titled a "Memorandum in Opposition," in which they pleaded a claim under section 1692f(6) of the FDCPA against the Burbank Defendants with supporting factual allegations.  (FDCPA Suit Doc. #42.)  As explained the undersigned's November 1, 2022, Report and Recommendation (FDCPA suit doc. #52), the undersigned construed Plaintiffs' "Memorandum in Opposition" (FDCPA suit doc. #42) as Plaintiffs' Second Amended Complaint.  Plaintiff's second amended complaint (FDCPA suit doc. #42) alleged several new claims (in addition to the instructed FDCPA claim) against both the already-dismissed SDB Defendants as well as against the Burbank Defendants.  However, the undersigned's November 1, 2022, Report and Recommendation (FDCPA suit doc. #52) and the November 28, 2022, Order Adopting the report (FDCPA suit doc. #62) dismissed all claims except for the instructed FDCPA claim and denied Plaintiffs' leave to amend.

necessary documents with the removal.[3]  E.D. TEX. LOCAL R. CV-81.  The eviction proceeding was then consolidated into Civil Action No. 1:21-CV-539 [hereinafter "FDCPA suit"] by the court's October 6, 2022, Order Consolidating Cases.  (Eviction Proceeding Doc. #3.)  The October 6, 2022, Order Consolidating Cases (eviction proceeding doc. #3) has now been vacated by the undersigned's order issued on or about the same date as this report and recommendation, and the cases (Civil Action No. 1:21-CV-539 and Civil Action No. 1:22-CV-361) are no longer consolidated as of the date of the order vacating the October 6, 2022, Order Consolidating Cases.

To date, none of the parties in the eviction proceeding has filed any motion in that case in federal court.[4]  Moreover, the eviction proceeding has already concluded in state court, as the Barbers were evicted and removed from the foreclosed property on or about September 19, 2022.  (FDCPA Suit Doc. #86 at ¶¶ 23-24.)

The undersigned conducted a status conference with the Barbers and the Burbank Defendants on April 24, 2023.  After providing the Barbers with an opportunity to state their believed basis for federal jurisdiction of the eviction proceeding, the undersigned informed the Barbers that the court would be recommending remanding the eviction proceeding, *sua sponte*, for lack of subject-matter jurisdiction.

---

[3] The Barbers included the following documents in their "removal" of the eviction proceeding: a "Notice of Removal" citing inapposite case law; the Order Adopting the undersigned's June 23, 2022, Report and Recommendation (FDCPA suit docs. #40, 43) for the FDCPA suit; the undersigned's original scheduling order for the FDCPA suit (FDCPA suit doc. #33); the first page only of the petition for the eviction proceeding; the order authorizing alternative service on the Barbers for the eviction proceeding; and the eviction citation.  (Eviction Proceeding Doc. #1.)  Local Rule CV-81(c) states the documents that must be included when removing a suit to federal court, none of which were included with the Barbers' "removal."  E.D. TEX. LOCAL R. CV-81(c).

[4] To the undersigned's knowledge, none of the parties has filed any motion in state court for the eviction proceeding either.

## II.     Legal Standard

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013); *see also, e.g.*, *Energy Mgmt. Servs. LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  Only cases that "could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  This court must presume that it does not have jurisdiction. *Kokkonen*, 511 U.S. at 377; *see also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  The party seeking removal bears the burden of demonstrating that removal is proper and federal jurisdiction exists. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

## III.    Discussion

At the April 24, 2023, status conference and in their Notice of Removal (eviction proceeding doc. #1), the Barbers assert that there is federal question jurisdiction over the eviction proceeding.[5]  Whether there is federal question jurisdiction in a removed action depends on "whether there appears on the face of the [state court plaintiff's petition] some substantial, disputed question of federal law." *Baron v. Strassner*, 7 F. Supp. 2d 871, 873 (S.D. Tex. 1998); *see also Tex. Health Mgmt. LLC v. HealthSpring Life & Health Ins. Co.*, 380 F. Supp. 3d 580, 586 (E.D. Tex. 2019) ("[I]f the Court finds a federally created cause of action on the face of the plaintiff's well-pleaded complaint, the Court may exercise federal question jurisdiction over the claim."). Generally, a case does not arise under federal law if the state court plaintiff's petition does not *affirmatively allege* a federal claim—if the petition only asserts state law causes of action, there is no basis for federal question jurisdiction, and the suit is not removable to federal court.  *Kramer v.*

---

[5] The Barbers do not assert diversity jurisdiction, and there is no basis for diversity jurisdiction as all parties in the eviction proceeding reside in Texas.

*Smith Barney*, 80 F.3d 1080, 1082 (5th Cir. 1996) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983)).  Importantly, it is *not* sufficient for the federal question to be raised in a defendant's answer or in the notice of removal.  *Stump v. Potts*, 322 Fed. App'x 379, 380 (5th Cir. 2009) (citing *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002)).

As discussed above, the "removed" case (Civil Action No. 1:22-CV-361) is a state eviction proceeding in which the SDB Defendants—the mortgagee for the Barbers' foreclosed property that is the subject of the FDCPA suit—evicted the Barbers from the foreclosed property, as they were still living at the property.  It is clear that the state court petition does not allege any federal claims and only asserts a state law cause of action for eviction.[6]  The only assertion of a federal claim is from the Barbers—the defendants in the eviction proceeding—in their Notice of Removal, in which they allege that they were denied due process and other federal constitutional claims.[7] (Eviction Proceeding Doc. #1 at ¶ 8.)  As discussed, the Barbers cannot create federal question jurisdiction over the eviction proceeding by "asserting" federal claims[8] in a notice of removal; the federal claims must be asserted in the *original state court petition by the plaintiff*.  Other federal courts in this district have remanded eviction proceedings, holding that they were improperly removed to federal court for the same reason.  *See, e.g.*, *Moses v. Cantu*, No. 4:21-CV-00688-ALM-CAN, 2022 WL 483198, at *3 (E.D. Tex. Jan. 13, 2022), *R&R adopted*, 2022 WL 476076 (Feb. 16, 2022).  Thus, there is no basis for federal question jurisdiction over the eviction

---

[6] Although the Barbers failed to properly remove this eviction proceeding under Local Rule CV-81 by not including a full copy of the state court petition, it is clear from the record and was confirmed by the parties at the April 24, 2023, status conference that the petition for the eviction proceeding only involved a state law eviction claim.

[7] When provided with an opportunity to explain their believed basis for federal jurisdiction at the April 24, 2023, status conference, the Barbers repeated these same arguments.

[8] Moreover, counterclaims, regardless of whether they based on federal or state law, are not permitted in Texas eviction actions.  TEX. R. CIV. P. 510.3(e).

proceeding. Accordingly, the eviction proceeding, Civil Action No. 1:22-CV-361, must be remanded to the state court where it originated.

## IV.     Recommendation

For the foregoing reasons, the undersigned recommends that Civil Action No. 1:22-CV-361 be **REMANDED** to the state court where it originated.

## V.     Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 15th day of May, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE