IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SDB DEVELOPMENT LP, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-CV-361-MJT-CLS |
| | § | |
| PERCY BARBER and MARIA BARBER, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND OVERRULING PLAINTIFFS' OBJECTIONS TO
THE REPORT [Dkt. 7] AND ORDER VACATING OCTOBER 6, 2022, ORDER [Dkt. 6]**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to United States Magistrate Judge Christine L. Stetson to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOCAL R. CV-72.

On May 16, 2023, Judge Stetson entered an Order Vacating October 6, 2022, Order Consolidating Cases [hereinafter "Order Vacting"].  [Dkt. 6].  That same day, Judge Stetson also entered a Report and Recommendation [Dkt. 7] in which she recommended that this suit, Civil Action No. 1:22-CV-361, be remanded to the state court where it originated.  The Barbers[1] filed a document tiled "Claimants' Objection to Magistrate Judge's Order Vacating Previous Order to Consolidate Cases."  [Dkt. 10].  Based on the content of this document, the Court construes this as

---

[1] The Barbers are the defendants in this proceeding, Civil Action No. 1:22-CV-361.  However, the Barbers have an ongoing suit in this court in which they are the plaintiffs (Civil Action No. 1:21-CV-539).  To avoid confusion, this order will refer to them by name as "The Barbers" rather than "Defendants."

an "objection" to both Judge Stetson's report [Dkt. 7] recommending that this suit be remanded and the Order Vacating [Dkt. 6].

## I.    The Barbers' objections to the Order Vacating [Dkt. 6] are overruled.

A magistrate judge is afforded broad discretion in the resolution of non-dispositive motions. *See* FED. R. CIV. P.72(a); 28 U.S.C. § 636(b)(1)(A).  If a party timely objects to a magistrate judge's ruling on a non-dispositive matter, the Court will only modify or set aside any part of a magistrate judge's order that is "clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *United States v. Stevens*, 487 F.3d 232, 240 (5th Cir. 2008) (citing *United States. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (holding that in non-dispositive matters the district court must affirm the decision of the magistrate judge unless "the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed")).

The Court finds that Judge Stetson did not clearly err in the Order Vacating [Dkt. 6].  The Court further determines that the Order Vacating was not contrary to law.

The Barbers' only ground for objecting to the Order Vacating appears to be "that both cases are for the Claimants' private property" and that separating the cases will subject them to "double jeopardy" because "both cases are dealing with the Claimants' private property."  [Dkt. 10 at ¶¶ 6, 11].

Double jeopardy is not applicable here.  The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb."  *States v. Sanchez-Escareno*, 950 F.2d 193, 197 (5th Cir. 1991).  It is a restraint on *governmental* power and protects *criminal defendants* against multiple punishments for the same offense imposed in a single governmental proceeding.

*Id.* (citations omitted).   Double jeopardy protection applies to felonies, minor crimes, and misdemeanors.  *Id.* at 198.

Double jeopardy protection is thus completely inapplicable here.  Civil Action No. 1:22-CV-361 is a state eviction proceeding initiated by the Barbers' mortgage lender, SDB Development LP,[2] that was improperly "removed" to federal court by the Barbers.  The Barbers have not been subjected to any form of criminal punishment—indeed, it is not possible for SDB Development, their mortgage lender and a private entity, to prosecute them for criminal punishment.  Put simply, "the Double Jeopardy Clause does not apply to actions involving private individuals."  *United States v. Beszborn*, 21 F.3d 62, 67 (5th Cir. 1994) (citations omitted).  This objection is overruled.

The Order Vacting [Dkt. 6] was not contrary to law or clearly erroneous.  It is therefore ORDERED that Barbers' objections [Dkt. 10] to the Magistrate Judge's Order [Dkt. 6] are OVERRULED.

## II.   Plaintiffs' objections to the Report and Recommendation [Dkt. 7] are overruled, and the report is adopted in full.

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates

---

[2] SDB Development LP is the plaintiff in this suit, Civil Action No. 1:22-CV-361.  However, SDB Development was one of the original defendants in the Barbers ongoing separate suit in this court (Civil Action No. 1:21-CV-539).  SDB Development was dismissed from that suit and is no longer a defendant in that action.  Nevertheless, to avoid confusion, this order will refer to it by name as "SDB Development" rather than "Plaintiff."

by reference or refers to the briefing before the magistrate judge is not specific.  Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

The Court has reviewed Plaintiff's objections and finds they are frivolous and without merit.  The Court has further conducted a *de novo* review of Judge Stetson's Report and Recommendation [Dkt. 7] and finds that the findings of fact and conclusions are correct.

As explained in the report, Civil Action No. 1:22-CV-361 is a state eviction proceeding in which SDB Development evicted the Barbers from a property that had been foreclosed on nearly a year prior.  [Dkt. 7 at 5].  The state court petition does not allege any federal claims—it only a state law cause of action for eviction.  The only federal claim being asserted is the Barbers' (the defendants in the eviction proceeding) attempts to claim due process federal constitutional violations.  [Dkt. 1 at ¶ 8].  Such counterclaims[3] by the Barbers are improper as counterclaims are not permitted in Texas eviction actions.  TEX. R. CIV. P. 510.3(e); *see also* Dkt. 7 at n.8.  Moreover, even if the Barbers *were* able to bring such counterclaims, these counterclaims still would not grant this Court federal subject-matter jurisdiction over the state eviction proceeding.  As the report explains [Dkt. 7 at 4-5], a case generally[4] does not arise under federal law unless the state court plaintiff's petition affirmatively alleges a federal claim, thereby establishing federal question jurisdiction; it is not sufficient for the "federal question" to be raised in a defendant's answer or in the notice of removal.  *See, e.g.*, *Stump v. Potts*, 322 Fed. App'x 379,

---

[3] As has been explained *supra* note 1, the Barbers are the *defendants* in Civil Action No. 1:22-CV-361.  Thus, if they attempt to assert their own claims against SDB Development (the plaintiff in the eviction proceeding), these would be "counterclaims."  A counterclaim is defined as "[a] claim for relief asserted against an opposing party after an original claim has been made," and is most commonly asserted by a defendant in opposition to the plaintiff's claim (just as the Barbers have attempted to do here).  BLACK'S LAW DICTIONARY (8th ed. 2004).

[4] The few exceptions to this rule are inapplicable here.

380 (5th Cir. 2009) (citing *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002)).  For these reasons, "the Barbers cannot create federal question jurisdiction over the eviction proceeding by 'asserting' federal claims in a notice of removal; the federal claims must be asserted in the *original state court petition by the plaintiff*."  [Dkt. 7 at 5].  Judge Stetson correctly found that there is no basis for federal subject-matter jurisdiction over Civil Action No. 1:22-CV-361.  The Barbers' objections are overruled.

The Court has received and considered the Report and Recommendation of the United States Magistrate Judge, along with the record, pleadings, and all available evidence.  After careful review, the Court finds that the findings of fact and conclusions of law of the United States Magistrate Judge are correct.  Accordingly, the Report and Recommendation of the United States Magistrate Judge [Dkt. 7] is ADOPTED.  Plaintiff's objections [Dkt. 10] are OVERRULED.  It is ORDERED that Civil Action No. 1:22-CV-361 be REMANDED to the state court where it originated.

**SIGNED this 31st day of May, 2023.**

*Michael J. Truncale*
Michael J. Truncale
United States District Judge